## ARMSTRONG, In Re.
Ohio Appeals, 1st Dist., Hamilton Co.
No. 3190. Decided Nov. 28, 1927.
**First Publication of This Opinion.**

Syllabus by Editorial Staff.
848. NON SUPPORT—681. Jurisdiction.

Where affidavit, charging failure to provide for minor children, is drawn under Section 13008 GC., Municipal Court is without power to sentence accused. Power is limited to holding him to answer to grand jury.

49. AFFIDAVITS.

Where affidavit clearly brings prosecution within, and charges offense under Section 13008 GC., statement, in such affidavit, that offense is contrary to 12970 GC., does not give jurisdiction to Municipal Court to sentence accused.

Habeas Corpus.
Writ granted.

Gladys Sutton, Cincinnati, for Charles Armstrong.

Chas. P. Taft, Pros. Atty., and John M. Renner, Cincinnati, for Ohio Humane Society.

### STATEMENT OF FACTS.

This is an original action, in habeas corpus, in this Court.

Charles Armstrong makes application for a writ of habeas corpus, seeking a release from a sentence, given by the Municipal Court of Cincinnati, of six months in the Hamilton County jail. The sentence was pronounced by the Municipal Court upon a conviction based upon an affidavit, charging, in substance, the failure to provide for his minor children.

It is claimed that the judgment, sentencing the applicant to the county jail, was void, for the reason that, under the affidavit charging the offense, the Municipal Court was without power to sentence him, but its power was limited to holding him to answer to the grand jury. The question arises from the fact that section 12970 makes failure to provide a misdemeanor, while section 13008, passed subsequent to the enactment of Section 12970, makes failure to provide a felony.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HAMILTON, PJ.

The pertinent part of the affidavit charging the offense is in the following language: "Said Charles E. Armstrong being then and there the father of, and charged with the maintenance of the following four legitimate children under the age of sixteen years * * * did unlawfully and wilfully neglect and refuse to provide said children with necessary and proper home, care, food and clothing. He, the said Charles Armstrong, being then and there able, by reason of having property, by labor, or earnings, so to do, * * *"

The pertinent part of Section 13008 is: Whoever, being the father, or when charged by law with the maintenance thereof, the mother * * * living in this state, fails, neglects, or refuses to provide such child * * * with the necessary or proper home, care, food, and clothing, shall be imprisoned, * * *."

A corollary to Section 13008 is Section 13008-1, which provides that "* * * the defendant shall be acquitted if it appear that he

was, because of lack of property or earnings, or the inability to secure employment, or the physical incapacity to perform labor, unable to provide such child * * * with necessary or proper home, care, food and clothing."

It will be noted that the language of the affidavit is the language taken from Section 13008, with the pertinent part of Section 13008-1 with reference to the ability to provide. The latter part of the affidavit does say that this offense is contrary to Section 12970, but that is surplusage in the affidavit, and does not allege any fact charging an offense.

Our conclusion is that the affidavit clearly brings the prosecution within, and charges the offense under Section 13008, the felony statute, and the only power of the Municipal Court was to hold Armstrong to answer to the grand jury. That the judgment pronouncing the sentence of six months in the county jail was void and of no effect.

The writ is granted, and the applicant, Charles Armstrong, is ordered released from custody.

(Mills and Cushing, JJ., concur.)